This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39007

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**SHANNIAH WOLTZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Van Snow, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}**     This appeal involves two cases. In the first case, the State filed a petition to revoke probation and sought a warrant to arrest Defendant for a probation violation but failed to attach a statement of probable cause—the probation violation report referenced as Exhibit A in the petition—to the warrant request. The district court issued the warrant, and Defendant was subsequently arrested and charged in the second case, which is before us now on appeal and included a charge for escape from a peace officer. On the day of the trial involving the escape charges, Defendant made a motion in limine to

exclude all mention of the warrant at trial and argued that the warrant violated the New Mexico Constitution. The district court agreed. The State appeals, and we affirm.

**DISCUSSION**

**{2}**     The State argues that the district court erred in excluding all mention of the warrant because (1) the warrant was valid, and in the alternative, (2) even if the warrant was invalid, "the district court erred by suppressing any mention of the warrant."

**I.     The District Court's Ruling That the Warrant Was Invalid**

**{3}**     At the outset, we observe that the district court determined that the warrant in this case was invalid pursuant to the New Mexico Constitution. New Mexico courts generally do not consider the extent of the protections afforded under the New Mexico Constitution in a vacuum—we first consider those protections available under the federal Constitution, and if the particular right asserted is not protected by the federal Constitution, we then engage in a three-part analysis to determine whether greater protections are available under the New Mexico Constitution. *See State v. Loza*, 2018-NMSC-034, ¶ 22, 426 P.3d 34 (outlining the "interstitial approach"). On appeal, the State does not engage in this "interstitial" analysis to establish the validity of the warrant under the New Mexico Constitution. *See id.* We therefore also do not engage in such an analysis.

**{4}**     Instead, the State argues that the warrant was valid because (1) "the oath or affirmation requirement of the state and federal [C]onstitutions does not apply to warrants issued for the arrest of alleged probation violators"; (2) "New Mexico statutes, rules, and cases all demonstrate that probationers may be arrested without a written showing of probable cause, oath, or affirmation"; and (3) probationers "do not enjoy full search and seizure protections" under the New Mexico and federal Constitutions. An appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211. We therefore evaluate the State's arguments to determine whether the State has met its burden to clearly demonstrate error by the district court, and we review de novo whether the district court's granting of Defendant's motion "was based upon a misapprehension of the law." *See State v. Romero*, 2000-NMCA-029, ¶ 6, 128 N.M. 806, 999 P.2d 1038.

**A.     The State's Constitutional Arguments**

**{5}**     The State, citing the state and federal Constitutions, first argues that the warrant was lawful because the "oath or affirmation clause" of the New Mexico Constitution does not apply to probation violators. The New Mexico Constitution states that "no warrant to search any place, or seize any person or thing, shall issue without describing the place to be searched, or the persons or things to be seized, nor without a *written* showing of probable cause, supported by oath or affirmation." N.M. Const., art. II, § 10 (emphasis added). *Compare id.*, *with* U.S. Const., amend. IV ("The right of the people to

be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."). Despite the requirement in our Constitution that a warrant only issue on a "written showing of probable cause, supported by oath or affirmation," the State offers authority for the proposition that federal law and other states do not require an oath or affirmation to arrest a probationer.

{6}    The authority cited by the State involves significantly different factual and legal scenarios than the present case. Some of the cited cases involve searches of probationers' homes. *See United States v. Knights*, 534 U.S. 112, 115 (2001); *Griffin v. Wisconsin*, 483 U.S. 868, 872, 876 (1987). *Knox v. Smith*, 342 F.3d 651, 654 (7th Cir. 2003), involved an arrest by a parole officer who obtained a warrant based on his own reasonable suspicion. *See also United States v. Garcia-Avalino*, 444 F.3d 444, 447 (5th Cir. 2006) (holding that a warrant for probationer's arrest based on a probation officer's unsworn application for probation revocation "need not comply with the Oath or affirmation clause of the Fourth Amendment"); *United States v. Collazo-Castro*, 660 F.3d 516, 519 (1st Cir. 2011) (agreeing with the 5th Circuit). Other cases cited by the State involve bench warrants issued after probationers failed to appear at hearings. *See State v. Erickson*, 225 P.3d 948, 949 (Wash. 2010) (en banc); *Pierce v. Commonwealth*, 633 S.E.2d 755, 757 (Va. Ct. App. 2006). The present case involved a request for an arrest warrant made not by a probation officer with direct knowledge of the violation but rather by the prosecutor who relied on the probation officer's report. These cases do not demonstrate that under these circumstances, the warrant, without a written statement of probable cause, was valid.

{7}    Despite the lack of factually or legally similar authority, the State maintains that New Mexico courts have "declined to depart from the cornerstone federal cases in this area" and cites *State v. Ponce*, 2004-NMCA-137, 136 N.M. 614, 103 P.3d 54, and *State v. Baca*, 2004-NMCA-049, 135 N.M. 490, 90 P.3d 509. These cases, like the federal and out-of-state authority, present different factual circumstances than those in the present case. In *Ponce*, the defendant was arrested at the probation office by a probation officer based on a positive urinalysis from a few days earlier. 2004-NMCA-137, ¶ 2. The defendant had agreed in the conditions of probation to warrantless arrest by the probation officer. *Id.* ¶ 14. This Court held that the arrest "pass[ed] muster under federal and [s]tate constitutional reasonableness standards," because the probation officer knew about the positive urine sample and knew the defendant's probation conditions prohibited alcohol consumption and the arrest was "based on this knowledge." *Id.* ¶ 20. In *Baca*, this Court considered a warrantless search of a probationer based on "reasonable cause," which was again, a condition the probationer agreed to in the order of probation. 2004-NMCA-049, ¶¶ 3, 10 (emphasis and internal quotation marks omitted). This Court applied the "interstitial approach" to determine if the New Mexico Constitution provided more protection than federal law, *id.* ¶ 30, and held that "[o]ur probation-related search cases are consistent with the federal law allowing warrantless searches as developed" by United States Supreme Court precedent. *Id.* ¶ 37. Unlike in these cases, in the present case, no warrantless search

occurred, no condition of probation permitted warrantless arrest, and no warrantless arrest was made by a probation officer with knowledge of the violation.

**{8}** Like the out-of-jurisdiction cases, neither *Ponce* nor *Baca* address circumstances like the present case. The State's arguments therefore do not provide a basis to hold that the warrant was valid under the New Mexico Constitution.

## B.    The State's Statutory and Rule-Based Arguments

**{9}** The State additionally encourages us to conclude that the warrant was valid, because New Mexico statutes and rules suggest that ordinary constitutional protections against arrest do not apply to probationers. Specifically, the State points to: (1) NMSA 1978, Section 31-21-15(A)(3) (2016), which allows probationers to be arrested without a warrant by an authorized probation officer; and (2) the contrast between Rule 5-208(C) NMRA (addressing arrest warrants and explicitly requiring an indictment or a written statement of probable cause or a supporting oath or affirmation) and Rule 5-805(A)(1), (B) NMRA (permitting the district court to issue an arrest warrant for a probationer "if it appears that the probationer may have violated the conditions of probation" and separately permitting arrest by probation officers without a warrant).

**{10}** The State's first point is unpersuasive. Section 31-21-15(A) outlines three procedures to bring a probationer "before the court for violation of a condition of probation . . . : (1) a court-issued warrant; (2) a court-issued notice to appear; and (3) arrest without a warrant by an authorized probation officer." *Ponce*, 2004-NMCA-137, ¶ 9. The State in the present case chose to seek a warrant under Section 31-21-15(A)(1) and not the alternative procedure established for a warrantless arrest by "an authorized probation officer." *See Ponce*, 2004-NMCA-137, ¶ 9.

**{11}** In its second argument, the State points out that Rule 5-208 explicitly requires, in relevant part, a written statement of probable cause, and contends that the absence of such a requirement in Rule 5-805, "suggests that a court may issue a probation arrest warrant without a written statement of probable cause or a supporting oath or affirmation." We are unpersuaded. Notwithstanding Rule 5-208, Rule 5-805(A) and (B) track the language of Section 31-21-15(A). The rule outlines the same three options for arrest as the statute: (1) a warrant, (2) a summons to appear, or (3) warrantless arrest by a probation officer. Rule 5-805(A), (B). Both Rule 5-805 and Section 31-21-15(A) provide for a type of warrantless arrest and a method for issuing a notice to appear. The State does not explain how the "warrant" provisions, Section 31-21-15(A)(1) and Rule 5-805(A), could mean something other than a warrant based on written probable cause, *see* N.M. Const., art. II, § 10, when two other subsections of both the rule and the statute explicitly provide for warrantless procedures. *See* § 31-21-15(A)(2), (3); Rule 5-805(A), (B). Even if we were to dispense with the "written" probable cause requirement as set forth in the New Mexico Constitution, the State does not appear to argue that the warrant request in the present case established probable cause. Instead, the State argues that the "arrest warrant was reasonable" based on the prosecutor's allegations, citing the Code of Professional Conduct and the district court's contempt power over

attorneys. Neither Rule 5-805 nor Section 31-21-15 authorize arrest of a probationer based on less than probable cause or on the allegations offered to the court by a prosecutor. We therefore conclude that the State's statutory and rule-based arguments cannot satisfy the State's burden to establish error by the district court.

## C. The State's Arguments Related to Probationers' Reduced Constitutional Protections

**{12}** The State also generally argues that probationers "do not enjoy full search and seizure protections" under the New Mexico and United States Constitutions. In support of this argument, the State points again to the provision for warrantless arrest by probation officers under Section 31-21-15(A)(3) and to *Ponce*. As we have noted, Section 31-21-15(A)(3) authorizes *probation officers* to make warrantless arrests. Along those lines, in *Ponce*, the defendant was arrested by his probation officer because he failed an alcohol urine sample test, which the probation officer knew was a violation of his probation. 2004-NMCA-137, ¶ 2. The present case involves an arrest warrant requested by a prosecutor without attaching the probation violation report and an arrest by law enforcement based on that warrant. These distinguishable examples of the reduced rights of probationers are insufficient to establish that the district court erred in determining that the warrant was invalid under the New Mexico Constitution. *See Aragon*, 1999-NMCA-060, ¶ 10.

## II. The Lawfulness of the Arrest

**{13}** The State additionally contends both that (1) the district court's suppression of the warrant caused the district court to err "by effectively dismissing" the escape charge, because "the State would be unable to establish" an element of escape from custody of a peace officer; and also (2) "[t]he New Mexico Supreme Court's interpretation of the battery upon a peace officer statute demonstrates that the district court's order went too far." As to the State's first point, it is well-established that in New Mexico, the exclusion of evidence is an appropriate remedy to redress an invalid warrant. *See State v. Gutierrez*, 1993-NMSC-062, ¶ 54, 116 N.M. 431, 863 P.2d 1052 ("Once violation of Article II, Section 10 has been established, we do no more than return the parties to where they stood before the right was violated."); *id.* ¶ 56 ("The exclusionary rule imposes the template of the [C]onstitution on the entire warrant-issuing process."). We therefore reject the State's argument that the suppression of the warrant was error.

**{14}** The State's second point additionally does not demonstrate error. This argument does not attack the suppression of the warrant, but instead posits that the suppression of the warrant "effectively" dismissed the State's case. Specifically, the State asserts that "[b]y barring any mention of the warrant, the court ensured that the State would be unable to establish" an element of escape from a police officer—"lawful arrest." *See* NMSA 1978, § 30-22-10 (1963) (defining escape from custody). The State does not ask this Court to determine in advance of any trial whether the evidence available in the present case was sufficient to establish escape from custody, despite referring to our Supreme Court's interpretation of "lawful discharge of duties" in battery on a peace

officer cases. Indeed, while the district court determined the warrant was invalid, it did not rule on the "lawfulness" of the *arrest*. *See id.*; *see also* UJI 14-2223 NMRA (allowing the jury to find lawful arrest by either (1) the "authority of a warrant" or (2) "reasonable grounds to believe" that the defendant committed the felony for which he or she was arrested); UJI 14-2223 comm. cmt. ("An essential element of the crime of escape from custody of a peace officer is that the person escaping must have been placed under lawful arrest. If the arrest is without a warrant and the jury finds that the person was arrested upon reasonable grounds that the defendant committed a felony, the person has been lawfully arrested. If the arrest is made under authority of a warrant, the question of lawfulness will almost always be a question of law to be decided by the judge."). The district court did not decide whether proof of a "lawful arrest" to establish escape from custody requires a valid warrant or is defeated by an invalid warrant. *See State v. Aguilar*, 2021-NMCA-018, ¶¶ 28-29, 488 P.3d 698 (contrasting the proof necessary to establish the crimes of battery upon a peace officer and concealing identity in order to differently construe the term "lawful" as an element of each of those crimes, based on the purpose of each of the statutes and the potential harm to be addressed). Accordingly, on this issue, there has been no arguably erroneous ruling for us to evaluate. *See State v. Catt*, 2019-NMCA-013, ¶ 30, 435 P.3d 1255 (declining to review issues that were "outside our review of the district court's order and should be addressed by the district court in the first instance"). Nothing prevents the State, on remand, from attempting to establish the "lawful arrest" element by means other than the warrant.

**CONCLUSION**

{15}    For the reasons stated herein, we affirm the district court's grant of Defendant's motion in limine and remand the matter to the district court.

{16}    **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**MEGAN P. DUFFY, Judge**