This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38879

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TIMOTHY MAYNARD LETT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina Jaramillo, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant Timothy Lett appeals from his convictions for resisting, evading or obstructing an officer (refusal to stop), in violation of NMSA 1978, Section 30-22-1(C) (1981); and aggravated battery upon a peace officer (no great bodily harm), in violation of NMSA 1978, Section 30-22-25(B) (1971). We affirm the district court's judgment in all respects.

## DISCUSSION

**{2}** Defendant's convictions arose from his failure to stop when signaled to do so by Rio Rancho Police Officer John Roskos for investigation of a minor traffic violation, and his altercation with Officer Roskos once Defendant eventually stopped. Defendant raises three issues on appeal: (1) suppression of evidence is required because Officer Roskos's use of pepper spray to restrain Defendant was a de facto arrest without probable cause, in violation of the Fourth Amendment of the United States Constitution; (2) the district court denied Defendant a mens rea defense, in violation of his right to due process, when it excluded Defendant's testimony that he had told Officer Roskos to "get in your own jurisdiction" during the encounter outside Defendant's home; and (3) the evidence at trial was insufficient to convict Defendant of either charged offense. We address each issue in turn.

## I. The Denial of Defendant's Motion to Suppress Was Not Erroneous

**{3}** Defendant argues that he was arrested without probable cause, in violation of the Fourth Amendment to the United States Constitution, when Officer Roskos sprayed him in the face with pepper spray. Defendant contends that the only offense the officer had probable cause to believe Defendant had committed or was committing at that point in time was a minor traffic violation (exceeding the speed limit). Although reasonable suspicion of a minor traffic violation allows an officer to conduct an investigatory stop, Defendant argues that the use of pepper spray exceeded the scope of the investigative detention, turning it into a de facto arrest. *See State v. Flores*, 1996-NMCA-059, ¶ 15, 122 N.M. 84, 920 P.2d 1038 ("When a detention exceeds the boundaries of a permissible investigatory stop, it becomes a de facto arrest requiring probable cause."). Defendant argues that all evidence gathered after this allegedly unconstitutional arrest should have been suppressed.

**{4}** Assuming, without deciding, that Defendant was arrested by Officer Roskos when he was pepper-sprayed, we conclude that there was no error in the district court's decision denying Defendant's motion to suppress. Defendant's failure to stop when signaled to do so gave Officer Roskos probable cause to believe Defendant had committed the misdemeanor offense of resisting, evading or obstructing an officer, in violation of Section 30-22-1(C).[1]

## A. Standard of Review

**{5}** Our appellate review of "a motion to suppress evidence involves mixed questions of fact and law." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964. We

---

[1] Because we conclude that the district court's denial of the motion to suppress was correct on this basis, we do not address Defendant's claim that the district court's failure to conduct a hearing on his motion to suppress prior to trial improperly shifted the burden of proof from the State to him. We agree with the State that the district court's decision refusing to suppress evidence was correct, even if it was right for the wrong reason. *See State v. Wilson*, 1998-NMCA-084, ¶ 17, 125 N.M. 390, 962 P.2d 636 ("[A]n appellate court can uphold a trial court's decision if it is right for any reason.").

view the evidence in the light most favorable to the district court ruling. *See State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856. We then determine de novo "whether the law was correctly applied to the facts, viewing the facts in the light most favorable to the prevailing party." *State v. Harbison*, 2006-NMCA-016, ¶ 8, 139 N.M. 59, 128 P.3d 487 (internal quotation marks and citation omitted).

## B.  Officer Roskos Had Probable Cause to Believe That Defendant Had Committed Misdemeanor Resisting, Evading or Obstructing an Officer

**{6}**    As relevant here, the Fourth Amendment to the United States Constitution demands that a warrantless arrest be justified by probable cause that a defendant committed a misdemeanor witnessed by the officer. We, therefore, consider whether Officer Roskos had probable cause to warrant a reasonable belief that Defendant had committed such an offense. *See State v. Ochoa*, 2004-NMSC-023, ¶ 9, 135 N.M. 781, 93 P.3d 1286 ("Probable cause exists when the facts and circumstances warrant a belief that the accused had committed an offense, or is committing an offense."). "[T]he existence of probable cause is reviewed within the realm of probabilities rather than in the realm of certainty." *State v. Sanchez*, 2015-NMCA-084, ¶ 14, 355 P.3d 795 (internal quotation marks and citation omitted).

**{7}**    In this case, the evidence shows that Officer Roskos had probable cause to believe that Defendant had committed the crime of "resisting, evading or obstructing an officer," contrary to Section 30-22-1(C), when Defendant refused to stop his vehicle after being signaled by Officer Roskos to do so. Section 30-22-1(C) makes "willfully refusing to bring a vehicle to a stop when given a visual or audible signal to stop, whether by hand, voice, emergency light, flashing light, siren or other signal, by a uniformed officer in an appropriately marked police vehicle" a misdemeanor. Defendant does not dispute that Officer Roskos signaled him to stop by activating his emergency lights, that Officer Roskos was in full uniform, or that Officer Roskos's police vehicle was appropriately marked.

**{8}**    Defendant contends only that he did not "willfully" refuse to stop, as required by Section 30-22-1(C). He claims that he had previously been pulled over by a police impersonator. Based on this experience, Defendant claims he did not know Officer Roskos was a police officer despite the markings on his vehicle, his uniform, and the vehicle's emergency lights. Defendant insists he drove to his home to ensure his own safety.

**{9}**    Defendant's argument ignores the standard applied to determine probable cause: "Probable cause exists when the facts and circumstances warrant a belief that the accused had committed an offense, or is committing an offense." *Ochoa*, 2004-NMSC-023, ¶ 9. The focus is on the facts and circumstances known to *the officer. See id.* Probable cause does not demand certainty that an offense has been or is being committed, a reasonable probability is enough. *Sanchez*, 2015-NMCA-084, ¶ 13. Defendant does not explain why Officer Roskos's belief that Defendant was willfully fleeing or evading the officer's attempt to stop him, based on Defendant continuing to

drive for blocks after the officer signaled him to stop, was either unreasonable or speculative.

**{10}** Because we conclude Officer Roskos had probable cause to arrest Defendant for a violation of Section 30-22-1(C), a misdemeanor Officer Roskos had witnessed, we do not address the State's claim that Officer Roskos also had probable cause to arrest Defendant for resisting, evading or obstructing a police officer based on Defendant's conduct in refusing to obey Officer Rosko's commands after exiting his vehicle at his home.

**{11}** We therefore affirm the district court's denial of Defendant's motion to suppress.

## II. The District Court Did Not Abuse Its Discretion When It Excluded Defendant's Testimony That He Told Officer Roskos to "Get in Your Own Jurisdiction"

**{12}** Defendant argues that he was deprived of his due process right to present his mens rea defense that he did not know Officer Roskos was a police officer by the district court's ruling refusing to allow him to testify about telling Officer Roskos to "get in your own jurisdiction." Given Defendant *was allowed* to present extensive evidence relevant to his defense that he did not know Officer Roskos was a peace officer, Defendant has not met his burden under *State v. Campbell*, 2007-NMCA-051, ¶ 14, 141 N.M. 543, 157 P.3d 722, to "show that he was prejudiced by the ruling" because "a potential avenue of defense [may have been made] unavailable to the defendant." Defendant was permitted to testify that, based on an incident in his past, he feared Officer Roskos was an impostor; that it was too dark to see Officer Roskos's badge; that Officer Roskos did not identify himself as a police officer; and that he did not see the identifying markings on Officer Roskos's vehicle. The record thus does not support Defendant's claim that he was denied the opportunity to present his mens rea defense, nor does Defendant explain how this ruling prejudiced his defense. Absent a showing of prejudice, we affirm the district court's exclusion of this evidence.

## III. Defendant's Convictions Are Supported by Substantial Evidence

**{13}** Defendant next contends that there was insufficient evidence to convict him of either aggravated battery upon a peace officer or resisting, evading or obstructing an officer.

**{14}** "Evidence is sufficient to support a verdict only if direct or circumstantial evidence exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Aguilar*, 2021-NMCA-018, ¶ 32, 488 P.3d 698 (internal quotation marks and citation omitted). We "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The relevant question is whether any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt." *Aguilar*, 2021-NMCA-018, ¶ 32 (internal quotation marks and citation omitted).

**{15}** Defendant challenges the sufficiency of the evidence to support his conviction for aggravated battery on a peace officer with respect to two elements of that offense: (1) whether Officer Roskos was "a peace officer and was performing the duties of a peace officer," and (2) whether "[D]efendant intended to injure [Officer Roskos]." *See* UJI 14-2213(2), (5) NMRA. Defendant also challenges the sufficiency of the evidence to support the jury's finding that Officer Roskos "was a peace officer in the lawful discharge of [his duties,]" an element of resisting, evading or obstructing an officer. *See* UJI 14-2215(1) NMRA. We address Defendant's sufficiency of the evidence claims concerning whether Officer Roskos was performing the duties of a peace officer or was in the lawful discharge of his duties together because they are similar requirements and involve the same evidence. We then turn to the evidence of Defendant's intent to injure Officer Roskos.

**{16}** Defendant argues first that Officer Roskos's testimony that he was cross-commissioned as a law enforcement officer in Bernalillo County by the Bernalillo County Sheriff's Office and had been so commissioned for almost seventeen years was insufficient to establish that Officer Roskos, in fact, was acting "in the lawful discharge of his duty" when he stopped Defendant for a traffic violation and later arrested him in Bernalillo County. Defendant argues that Officer Roskos's testimony, standing alone, was insufficient and that documentary evidence was required. Although Defendant claims that the State was required to introduce the official documents confirming Officer Roskos cross-deputization, he cites no authority for this proposition. We, therefore, do not credit Defendant's claim that documentation is required. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 (providing that appellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists). The jury's finding is supported by the uncontradicted testimony of Officer Roskos, a witness with personal knowledge of the fact at issue. This testimony is sufficient to support the jury's finding. *See State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779 ("As a general rule, the testimony of a single witness is sufficient evidence for a conviction.").

**{17}** Defendant also challenges the sufficiency of the evidence to support the jury's finding that Defendant intended to injure Officer Roskos, a required element of aggravated battery on a peace officer. *See* § 30-22-25(A); UJI 14-2213(5). Defendant's sufficiency argument on his intent to injure relies entirely upon Defendant's testimony describing his own version of events. We note that "evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 82. Defendant ignores the substantial evidence in the record showing that Defendant became very angry at Officer Roskos, and said, "That's it, motherfucker," just before Defendant tackled Officer Roskos, whose back was turned to Defendant. This evidence is sufficient, with inferences drawn in favor of the verdict, as they must be, *see*

*Cunningham*, 2000-NMSC-009, ¶ 26, to support the jury's finding that Defendant intended to injure Officer Roskos.

**CONCLUSION**

**{18}**  For the reasons stated, we affirm.

**{19}  IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**MICHAEL D. BUSTAMANTE, Judge,
retired, sitting by designation**