This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39648**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ERASMO RAMOS VEGA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant Erasmo Ramos Vega appeals from his convictions for aggravated assault upon a peace officer (deadly weapon), in violation of NMSA 1978, Section 30-22-22 (1971), and resisting, evading or obstructing an officer, in violation of NMSA 1978, Section 30-22-1 (1981). Defendant claims on appeal: (1) it was fundamental error for the district court to fail to instruct the jury on the deadly weapon element of aggravated assault upon a peace officer; (2) there was insufficient evidence to establish

aggravated assault with a deadly weapon upon a peace officer; (3) it was fundamental error for the district court to fail to instruct the jury on resisting, evading or obstructing an officer, a lesser included offense of aggravated assault upon a peace officer; and (4) defense counsel's failure to request instructions on resisting, evading or obstructing an officer and on whether the knife was a deadly weapon was ineffective assistance of counsel. We affirm.

**BACKGROUND**

**{2}** A sheriff's deputy responded to a call requesting a welfare check on an intoxicated man walking down the side of New Mexico State Road 202 in Roosevelt County. The deputy called for assistance from another officer, Deputy Padilla, who was the only officer to testify at trial.

**{3}** Deputy Padilla testified that, when he arrived, he found the other deputy standing in the middle of the road with his firearm drawn and pointed at Defendant. Deputy Padilla parked his vehicle on the side of the road where Defendant was standing, and as he was getting out of the vehicle, saw that Defendant was holding an unfolded knife in his hand. Because he believed the other deputy was in danger, Deputy Padilla drew his firearm and ordered Defendant to drop the knife. Defendant turned his attention to Deputy Padilla. Defendant walked a few steps toward Deputy Padilla, still grasping the knife, and loudly told Deputy Padilla to shoot him. Deputy Padilla again ordered Defendant to drop the knife, without success. Viewing conflicting testimony favorably to the verdict, Defendant continued walking toward Deputy Padilla. Deputy Padilla testified that he feared Defendant was going to stab him and that he would be forced to use his firearm. Defendant stopped walking and, still grasping the knife in his hand, began to take off his jacket over his head using both hands. Deputy Padilla took the opportunity to switch his firearm for his Taser and tased Defendant. Defendant immediately fell to the ground, dropping the knife as he fell. The two deputies then arrested him.

**{4}** At trial, the jury was presented with photographs of the scene. Both the knife itself and a photograph of the knife were introduced into evidence.

**{5}** The jury found Defendant guilty of one count of resisting, evading or obstructing an officer as to the first deputy to arrive on the scene and of one count of aggravated assault upon a peace officer (deadly weapon) as to Deputy Padilla. This appeal followed.

**DISCUSSION**

**I.     The District Court's Failure to Instruct the Jury That It Was Required to Find That the Knife Was a Deadly Weapon Was Not Fundamental Error**

**{6}** Defendant claims fundamental error in the failure of the district court to instruct the jury that, to convict Defendant of aggravated assault on a peace officer with a deadly weapon, it was required to find that the knife was a deadly weapon. The district

court instructed the jury that it need only find that Defendant had used a knife in the assault, treating the knife as a per se deadly weapon. It is undisputed that the folding hunting or camping knife at issue in this case is not listed as a per se deadly weapon in NMSA 1978, Section 30-1-12(B) (1963) (providing that only certain types of knives are, by definition, deadly weapons).

**{7}**     Because Defendant did not object to this jury instruction at trial, we review this issue for fundamental error. *See State v. Ocon*, 2021-NMCA-032, ¶ 7, 493 P.3d 448. Our review for fundamental error is a two-step process. We first determine whether the instruction was erroneous; if so, we next determine whether the error was fundamental. *See id.* ¶¶ 7-8. We have no problem concluding that the instruction was erroneous. The relevant instruction informed the jury that, to convict Defendant of aggravated assault with a deadly weapon, it had to find, among other things, that "[D]efendant used a knife." The State does not dispute that the knife Defendant used was not a per se deadly weapon, as defined by statute. *See* § 30-1-12(B). Therefore, rather than being instructed that it merely needed to find that Defendant used a knife, the jury instead should have been instructed that (1) it had to find Defendant used a deadly weapon, and (2) the knife used by Defendant was a deadly weapon only if it found the knife "when used as a weapon, could cause death or great bodily harm." UJI 14-305(3) NMRA; *see also id.*, use note 5 (requiring this instruction where the object used is not specifically listed in the statutory definition of "deadly weapon").

**{8}**     Even though we conclude that the jury instruction was erroneous, we do not reverse because Defendant fails to establish fundamental error. A conviction predicated on an erroneous jury instruction not objected to at trial results in fundamental error only if "it would shock the court's conscience to allow [it] to stand either because of the obvious innocence of the defendant, or because a mistake in the process makes [the] conviction fundamentally unfair notwithstanding the apparent guilt of the accused." *Ocon*, 2021-NMCA-032, ¶ 8 (alteration, internal quotation marks, and citations omitted). "The burden of demonstrating fundamental error is on the party alleging it, and the standard of review for reversal for fundamental error is an 'exacting' one." (citation omitted). *State v. Astorga*, 2016-NMCA-015, ¶ 5, 365 P.3d 53. "The doctrine of fundamental error applies only under exceptional circumstances and only to prevent a miscarriage of justice." *State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633. To determine if fundamental error has occurred, a "review [of] the entire record, placing the jury instructions in the context of the individual facts and circumstances of the case" is required. *Ocon*, 2021-NMCA-032, ¶ 8 (internal quotation marks and citation omitted). In his briefing, Defendant does not attempt to meet this exacting standard, and we will not develop such an argument for him. *See State v. Flores*, 2015-NMCA-002, ¶ 17, 340 P.3d 622 ("Our Court has been clear that it is the responsibility of the parties to set forth their developed arguments, it is not the court's responsibility to presume what they may have intended."). Accordingly, we are not persuaded that the district court committed fundamental error.

## II.     The Evidence Was Sufficient to Establish Aggravated Assault on a Peace Officer as to Deputy Padilla

**{9}** Defendant next contends that there was insufficient evidence to convict him of aggravated assault on a peace officer. Specifically, Defendant contends that there was no evidence presented by the State to support the jury's finding that Deputy Padilla reasonably feared an imminent battery or that Defendant's conduct constituted facilitative use of the knife.

**{10}** "Evidence is sufficient to support a verdict only if direct or circumstantial evidence exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Aguilar*, 2021-NMCA-018, ¶ 32, 488 P.3d 698 (internal quotation marks and citation omitted). We "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The relevant question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Aguilar*, 2021-NMCA-018, ¶ 32 (internal quotation marks and citation omitted). "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Garcia*, 2009-NMCA-107, ¶ 21, 147 N.M. 150, 217 P.3d 1048 (internal quotation marks and citation omitted)).

**{11}** The district court, in relevant part, instructed the jury that to convict Defendant of aggravated assault upon a peace officer by use of a deadly weapon, the State had to prove beyond a reasonable doubt that

> 4.  [D]efendant's conduct caused [Deputy] Padilla to believe [D]efendant was about to intrude on [Deputy] Padilla's bodily integrity or personal safety by touching or applying force to [Deputy] Padilla in a rude, insolent, or angry matter;
>
>     . . . .
>
> 6.  A reasonable person in the same circumstances as [Deputy] Padilla would have had the same belief; [and]
>
> 7.  [D]efendant used a knife.

## A.  Fear of Imminent Battery

**{12}** Defendant first argues that the evidence does not support the jury's finding that his conduct caused Deputy Padilla to fear an imminent battery. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 15, 278 P.3d 517 (stating that "[o]ur law of assault generally requires evidence that the victim actually, subjectively comprehended that he or she was going to receive unwelcome physical contact"). Viewing the record in favor of the jury's verdict, as we must, we conclude that the jury could have reasonably

concluded from the evidence presented that Deputy Padilla was in fear of a battery by Defendant.

**{13}** Deputy Padilla testified that, while Defendant never lunged, ran towards him, or thrust his knife at him, he repeatedly asked Defendant to drop the knife, and Defendant did not do so. Instead, Defendant continued to walk toward Deputy Padilla with the knife in his hand. Deputy Padilla testified that he believed Defendant was going to stab him with the knife and feared for his safety. Defendant's shout of "Shoot me," before beginning to walk closer supported Deputy Padilla's belief that Defendant intended to attack him in order to provoke him to use his firearm. This evidence is sufficient for the jury to find that Deputy Padilla was in fear of an imminent battery by Defendant. *See State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 ("New Mexico appellate courts will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting its judgment for that of the jury." (alterations, internal quotation marks, and citation omitted)).

## B. Facilitative Use of Deadly Weapon

**{14}** Defendant also contends that the evidence does not support the jury's finding that Defendant's conduct constituted facilitative use of the knife. "A facilitative use of a deadly weapon during an assault—as distinct from incidental exposure or mere possession—may be found where (1) a deadly weapon is present at some point during the encounter, (2) the victim knows or, based on the defendant's words or actions, has reason to know that the defendant has a deadly weapon, and (3) the presence of the weapon is intentionally used to facilitate the commission of the assault." *State v. Zachariah G.*, 2022-NMSC-003, ¶ 19, 501 P.3d 451 (emphasis omitted).

**{15}** Defendant's challenge to the sufficiency of the evidence is limited to the third requirement: evidence that the defendant intentionally used the weapon to facilitate the assault. Using a knife to engender fear of an imminent battery in the victim does not require that the knife be brandished or that the defendant lunge at the victim with the knife. *See, e.g.*, *State v. Diaz*, 1995-NMCA-137, ¶¶ 3-7, 16-23, 121 N.M. 28, 908 P.2d 258 (indicating that where officers responded to a reported disturbance, observed the defendant holding a knife and yelling, the defendant disobeyed repeated commands to drop the knife, and the defendant ultimately made a move toward the officers, the evidence was sufficient to support a conviction for aggravated assault on a peace officer). Although Defendant held the knife at his side, it was visible to Deputy Padilla. Defendant repeatedly refused commands to drop it, while moving closer. Defendant's shout of "Shoot me" creates an inference that Defendant was aware that threatening an officer with deadly force could result in the officer using his firearm. This evidence is sufficient to allow a reasonable jury to conclude that Defendant intended to use the knife, and did use it, to put Deputy Padilla in fear of an imminent battery.

## III. The District Court Did Not Err by Failing to Instruct the Jury on the Lesser Included Offense of Resisting, Evading or Obstructing Deputy Padilla

**{16}**     Defendant contends that the district court committed fundamental error by failing to instruct the jury on the lesser included offense of resisting, evading or obstructing an officer contrary to Section 30-22-1, in regard to Deputy Padilla.

**{17}**     Defendant acknowledges that this issue was not preserved below. Our Supreme Court has "declined to apply the doctrine of fundamental error to a defendant's choice of whether to have the jury instructed on lesser included offenses." *State v. Foster*, 1999-NMSC-007, ¶ 54, 126 N.M. 646, 974 P.2d 140, *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683. In *State v. Boeglin*, 1987-NMSC-002, ¶ 15, 105 N.M. 247, 731 P.2d 943, our Supreme Court held that, "consistent with the constitutional guarantees of a fair trial, the defendant . . . may take his chances with the jury by waiving instructions on lesser included offenses and cannot be heard to complain on appeal if he has gambled and lost." *See also State v. Villa*, 2004-NMSC-031, ¶ 14, 136 N.M. 367, 98 P.3d 1017 ("On appeal, we do not second-guess the tactical decisions of litigants" regarding their decision to pursue an "all-or-nothing" trial where "neither party requested instructions on any lesser-included offenses." Defendant has not shown in this case that his decision to request an instruction on resisting, evading or obstructing an officer as to the first deputy on the scene, but not as to Deputy Padilla, was anything other than a failed trial strategy.

## IV.     Defendant Has Not Made a Prima Facie Showing of Ineffective Assistance of Counsel

**{18}**     We last address Defendant's claim that he received ineffective assistance of counsel. In support, Defendant contends that his counsel was ineffective because of counsel's failure to request an aggravated assault instruction that included a deadly weapon definition, and to request an instruction on the lesser included offense of resisting, evading or obstructing a peace officer as to Deputy Padilla. We disagree, and explain.

**{19}**     "We review claims of ineffective assistance of counsel de novo." *State v. Pitner*, 2016-NMCA-102, ¶ 14, 385 P.3d 665 (internal quotation marks and citation omitted). "[O]n direct appeal, only when a defendant presents a prima[ ]facie case of ineffective assistance of counsel will [we] remand to the [district] court for evidentiary proceedings." *State v. Bernal*, 2006-NMSC-050, ¶ 33, 140 N.M. 644, 146 P.3d 289. "In order to establish a prima facie case of ineffective assistance of counsel on direct appeal, a defendant must demonstrate: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense." *State v. Bahney*, 2012-NMCA-039, ¶ 48, 274 P.3d 134.

**{20}**     The State argues it is possible that defense counsel had rational strategic reasons for failing to request each instruction at issue. Defendant, for his part, has not shown that "no plausible, rational strategy or tactic explains counsel's conduct," *id.*, a requirement of a prima facie case. On the record before us, we cannot conclude that

Defendant's attorney acted unreasonably, or that Defendant was prejudiced by his attorney's performance. Defendant, therefore, has failed to establish a prima facie case of ineffective assistance of counsel. *See State v. Swavola*, 1992-NMCA-089, ¶ 3, 114 N.M. 472, 840 P.2d 1238 (restricting remand "to those cases in which the record on appeal establishes a prima facie case of ineffective assistance").

**{21}** We note that Defendant may still pursue this claim through a habeas corpus proceeding should he believe a factual basis exists for such a claim. *See State v. Cordova*, 2014-NMCA-081, ¶ 7, 331 P.3d 980 ("Our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal.").

**CONCLUSION**

**{22}** For the foregoing reasons, we affirm Defendant's convictions.

**{23}  IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**MEGAN P. DUFFY, Judge**